# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** 26-6802

**Case Name** Impossible Foods Inc. v. Impossible X, LLC

**Counsel submitting this form** G. Roxanne Elings, Davis Wright Tremaine LLP

**Represented party/parties** Appellant Impossible Foods Inc.

*Briefly describe the dispute that gave rise to this lawsuit.*

This is a trademark case concerning marks incorporating the word IMPOSSIBLE. Impossible Foods Inc. ("IF") primarily uses the marks for plant-based meats, and also used the mark for promotional apparel and a cookbook. Impossible LLC (f/k/a Impossible X, LLC) ("ILLC") uses the marks for apparel, recipes, and dietary supplements, among other goods and services.

After ILLC sent a cease-and-desist letter and filed an opposition to IF's trademark application, IF brought this action for a declaration of non-infringement and later added claims for trademark infringement under federal and state law, fraud on the U.S. Patent and Trademark Office ("USPTO"), and abandonment of trademarks. ILLC brought counterclaims for federal and state trademark infringement.

*Briefly describe the result below and the main issues on appeal.*

Following a two-week trial, a jury found that IF's apparel and cookbooks infringed ILLC's trademark rights in apparel and recipes, and awarded ILLC $1.5 million in compensatory damages and $1.75 million in punitive damages. The jury did not find that ILLC committed fraud on the USPTO or abandoned its marks or that ILLC's dietary supplements infringed IF's trademark rights in plant-based meats.

On post-trial motions, the District Court upheld the finding of IF's infringement, upheld the compensatory award, vacated the punitive award, and awarded ILLC attorneys' fees in an amount to be determined. ILLC forwent a retrial on punitive damages.

The main issues on appeal include: (1) whether the evidence presented at trial was legally sufficient to establish actionable trademark infringement based on likelihood of confusion concerning the accused goods; (2) whether the $1.5 million corrective advertising award can stand as a matter of law absent legally sufficient proof of compensable injury, causation, and a reasonable basis for calculating damages; and (3) whether the District Court erred in finding this case "exceptional" and awarding ILLC attorneys' fees.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

ILLC's requested amount of attorneys' fees and expenses—totaling over $9.2 million—remains pending and is scheduled to be heard by the District Court on January 7, 2027.

The Ninth Circuit heard and decided a prior appeal of this action on the issue of personal jurisdiction, holding that ILLC was subject to personal jurisdiction and reversing the District Court's dismissal of the complaint. See Case No. 21-16977 (Sept. 12, 2023).

**Signature** s/ G. Roxanne Elings **Date** 10/20/2026

*(use* "s/[typed name]" *to sign electronically-filed documents)*